**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **GLORIA DULTRA and MARYANNE LASTA, individually and derivatively on behalf of LEDMAN HEALTH CARE, INC., an Illinois Corporation** )<br>)<br>)<br>)<br>)<br>**Plaintiffs,** )<br>)<br>**v.** )<br>)<br>**US MEDICAL HOME, INC., a Delaware corporation, MICHAEL KESELICA and GRACE KULIK,** )<br>)<br>)<br>**Defendants/Counter-** )<br>**Plaintiff.** )<br>) | No. 13 C 07598<br><br>Judge John J. Tharp, Jr. |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Ledman Health Corporation ("Ledman") filed suit against US Medical Home, Inc. ("US Medical Home") in the Circuit Court of Kane County on September 26, 2012, seeking the rescission of a stock purchase agreement and certain employment agreements. Compl. (Dkt. 18-1). Ledman later amended its complaint in state court and added Michael Keselica and Grace Kulik as defendants. Am. Compl. (Dkt. 18-9). Keselica removed the case to this Court on October 22, 2013, on the basis of diversity jurisdiction and with the consent of US Medical Home. The plaintiffs seek to remand the case to the Circuit Court of Kane County pursuant to 28 U.S.C. § 1447(c). For the reasons discussed below, the Court denies the plaintiffs' motion.

**I.    BACKGROUND**

The underlying facts of this lawsuit are hotly contested but not particularly relevant to the motion before the Court. The procedural facts, which are highly relevant, are as follows:

After Ledman filed suit in state court, US Medical filed a motion to dismiss (Dkt. 18-3), a counterclaim against Ledman seeking a declaratory judgment that the stock purchase agreement was valid and enforceable (Dkt. 18-4), and a third-party complaint against Andrew Kolb, Ledman's former attorney (Dkt. 18-5).

On April 2, 2013, Gloria Dultra and Maryanne Lasta, Ledman shareholders, filed an amended complaint on Ledman's behalf for fraud, rescission, breach of contract, and other relief against US Medical Home and two additional defendants, Michael Keselica and Grace Kulik. Am. Compl. (Dkt. 18-9). The amended complaint alleged that Keselica and Kulik are, or were, officers, representatives, or agents of US Medical. *Id.* ¶ 4. Filings in the state case and in this Court identify Keselica as the "President and CEO" of US Medical Home.

On April 16, 2013, the plaintiffs were granted leave to appoint a special process server and after several rounds of unsuccessful settlement negotiations, the plaintiffs filed a Motion for Service by Special Order of the Court on September 24, 2013. Dkt. 18-10; Dkt. 18-20. The plaintiffs explained in their remand motion that "despite diligent efforts … including multiple searches and repeated attempts at service by a process server, Plaintiffs have been unable to effect personal service upon Keselica …." Dkt. 18-20 at 1. The plaintiffs add that US Medical Home's counsel would not indicate whether he would accept service on Keselica's behalf. *Id.* The plaintiffs do not report, nor do the exhibits attached to the plaintiffs' motion to remand reflect, that their motion for service was granted or that Keselica was ever served with the amended complaint.

For his part, Keselica filed a Request for Service of Process on the same day as the plaintiffs' motion for service. In this odd motion, Keselica stated that he had been added as a defendant in the plaintiffs' amended complaint, that a special process server had been appointed

to serve him, and that the plaintiffs had nevertheless failed to serve him. The plaintiffs, Keselica suggested, were somehow "abusing process" and he requested an order requiring them to serve him with the amended complaint. Dkt. 18-21 at 1-2. So far as the state court docket reflects, no order was entered with respect to Keselica's motion for service.

About four weeks later, on October 18, 2013, Keselica filed a Notice of Removal to this Court, asserting that the parties are completely diverse and the amount in controversy exceeds $75,000. Dkt. 1 ¶¶ 5-7.[1] He attached to the notice US Medical Home's Consent to Removal, which Keselica signed as the company's president and CEO. Dkt. 18-23.

On November 19, 2013, the plaintiffs filed a Joint Motion to Remand (Dkt. 18), which is now before this Court.

## II. DISCUSSION

Section 1446(b)(1) of Title 28 sets forth the procedures governing removal of an action from state to federal court. It states, in relevant part:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading … or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Keselica, as the party seeking to invoke federal jurisdiction, bears the burden of demonstrating that removal is proper. *See Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004).

### A. The 30-Day Time Limit for Removal

---

[1] The plaintiffs do not dispute Keselica's contentions that complete diversity of citizenship exists and that the amount in controversy exceeds $75,000.

Keselica asserts that his notice of removal was timely because he was never formally served in state court and so a 30-day clock for removal was never triggered. Def. Resp. (Dkt. 21) at 6-7. Keselica submitted a sworn declaration with his removal notice stating that he had sought service of process on September 25, 2013 because the plaintiffs "never attempted service" of the amended complaint and that he had "yet to receive anything from the Circuit Court for Kane County … or Counsel for Plaintiff, regarding my Request for Service of Process …." Dkt. 4 ¶¶ 3, 4. He adds that he picked October 24, 2013 to file a notice of removal in this Court because it was twenty-two days after he sought formal service in state court; during that time, Keselica waited for formal service, but he ultimately decided to remove. Def. Resp. at 7.

The plaintiffs contend that "personal service on Michael Keselica was not required for the 30-day time limitation to begin as to him. Rather, Keselica only needed to have obtained a copy of the pleading." Mot. to Remand (Dkt. 18) at 9. The plaintiffs add that because, in their view, Keselica received the initial complaint and the amended complaint (naming Keselica as a defendant) no later than December 18, 2012, or September 5, 2013, respectively, Keselica was subject to the 30-day limit from at least one of those two dates. *Id.* at 8.[2] By not removing the

---

[2] The plaintiffs maintain that December 18, 2012, is the latest date on which Keselica could have received the initial state court complaint because on that date he signed an affidavit in support of US Medical's motion to dismiss and swore "under oath that he was US Medical's President and Chief Executive Officer." Mot. to Remand at 8. Keselica, however, was not named as a defendant until the April 2, 2013, amended complaint. As to that complaint, the plaintiffs contend that September 5, 2013, is the critical date because that is when Keselica "on behalf of US Medical, reviewed, answered and signed a sworn verification for US Medical's" answer to requests to admit. *Id.* at 9. The plaintiffs add that "[i]t is disingenuous for Keselica, who admits that he has been acting as US Medical's representative throughout this entire litigation, to claim that, while he was aware of the April 2, 2013 amended complaint in his capacity as US Medical's President and Chief Executive Officer, he was somehow simultaneously unaware that the April 2, 2013 Amended Complaint named him individually as a defendant merely because he had managed to avoid service." *Id.* But whether Keselica was *aware* of the complaint is, as will be seen below, irrelevant to the question of the timeliness of his removal.

case until October 18, 2013, Keselica's removal, the plaintiffs assert, was untimely. The plaintiffs add that Keselica removed when he did to avoid a court order for new counsel for US Medical to appear after the company's previous counsel withdrew. Pls.' Reply (Dkt. 25) at 4-5.

Keselica's notice of removal was timely. He filed his notice on October 18, 2013, but he was never formally served with a summons, so the 30-day clock never began to run.[3] Formal service is required to trigger the 30-day clock, as the Supreme Court held 15 years ago in *Murphy Brothers v. Michetti Pipe Stringing*, 526 U.S. 344 (1999). In *Murphy,* the Supreme Court rejected what had been known as the "receipt rule," by which the 30-day removal clock could be triggered when a defendant merely received the amended complaint. 526 U.S. 344, 347 (1999). The Supreme Court instead read the removal statute "in light of a bedrock principle: An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Id*. The Court held:

> [A] named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.

*Id.* at 348. In other words, the 30-day removal period does not begin to run until a defendant is formally served with the complaint. *Id. See also, e.g., Save-A-Life Found., Inc. v. Heimlich*, 601 F. Supp. 2d 1005, 1010 (N.D. Ill. 2009) (relying on *Murphy* to find that defendant's notice of removal was timely because "the time for removal is not triggered until a defendant has been served with a copy of the summons").[4] In Illinois, service of a summons requires leaving a copy

---

[3] The plaintiffs essentially admit that Keselica was never formally served by arguing that service was not required to start the 30-day clock. *See* Jt. Mot. to Rem. at 9 ("personal service on Michael Keselica was not required for the 30-day time limitation to begin as to him.").

[4] *See also, e.g., Phoenix Container, LP ex rel. Samarah v. Sokoloff*, 83 F. Supp. 2d 928, 931 (N.D. Ill. 2000) (noting that "formal service" under *Murphy* is service that complies with a

5

of the summons with the defendant personally or at the defendant's usual place of abode with a family member or another resident, subject to certain conditions. 735 ILCS 5/2-203(a) ("Service on individuals"). Keselica may have received the initial complaint and the amended complaint, and very well may have read them and even participated in the litigation on behalf of US Medical Home, but "mere receipt … unattended by any formal service" is insufficient to start the 30-day removal clock. Those documents were served on US Medical, not on Keselica. When Keselica filed his notice of removal, he was therefore timely under 28 U.S.C. § 1446(b).[5]

The plaintiffs' arguments that Keselica is attempting to delay proceedings by removing the case after it had been pending in state court for more than a year are, in light of *Murphy*, not relevant, as section 1446(b)(1) does not give courts authority to override the 30-day removal period. In any event, it was the plaintiffs who failed to include Keselica in their original complaint, and then opted to amend their complaint to add Keselica as a defendant, and it was the plaintiffs who failed to serve him in a timely fashion. If the removal has delayed the plaintiffs' efforts to obtain relief, they have only themselves to blame—the plaintiffs wanted Keselica in the case and now he is. Their complaints that they were unable to serve Keselica are both unpersuasive, particularly given what they describe as his active role in the state court litigation on behalf of US Medical Home, and moot.[6]

---

state's technical service of process rules, "that is, the same sort of service that would trigger other responsive acts."); *Collins v. Pontikes*, 447 F. Supp. 2d 895, 899 (N.D. Ill. 2006) (30-day removal clock began to run on date defendant is served with both summons and complaint).

[5] Further, nothing in Section 1446(b)(1) suggests that a defendant must receive formal service *before* removing the case. In other words, Keselica's removal was not premature because Section 1446(b)(1) sets forth the outer limit, and not the inner limit, for filing a notice of removal. *See, e.g., In re Pradaxa*, MDL No. 2385, 2013 WL 656822, at *2 (S.D. Ill. Feb. 22, 2013).

[6] In removing the case, the Court deems Keselica to have waived formal service of process.

A final note on this point. The Supreme Court's opinion in *Murphy* is clearly controlling as to the question of the timeliness of Keselica's removal of this case. The plaintiffs have argued that Keselica's mere receipt of the complaint unattended by formal service on him triggers the 30-day removal clock; the Supreme Court has squarely held that it does not. The plaintiffs, however, failed to cite *Murphy* in their motion to remand. Even more troubling, the plaintiffs failed to address the case in their reply brief, after the defendants had discussed the case in their opposition to the remand motion. A knowing failure to disclose controlling authority constitutes a violation of the Illinois Supreme Court Rules of Professional Conduct (Rule 3.3(a)(2): "A lawyer shall not knowingly … fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel"); *see also Gross v. Town of Cicero, Ill.*, 619 F.3d 697, 703 (7th Cir. 2010) (citation omitted) ("Failing to cite adverse controlling authority makes an argument frivolous. Not only that, but it is 'imprudent and unprofessional' … We expect more from attorneys who appear before us."). This Court similarly expects more from counsel. Even if the failure to cite *Murphy* was not intentional, it was inexcusable.

### B. One-Year Limitation of 28 U.S.C. § 1446(c)

The plaintiffs also argue that Keselica's notice of removal is untimely because it was filed more than one year after the commencement of the lawsuit on September 26, 2012. In advancing this argument, the plaintiffs misread 28 U.S.C. § 1446(c), which states that "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action …" Section (b)(3) pertains to situations when the "case stated by the initial pleading is not removable." The point is that the one-year limitation in Section (c) applies only to cases that were "*not* removable" based on the "initial

pleading." *See Price v. Wyeth Holdings Corp.*, 505 F.3d 624, 631 n.6 (7th Cir. 2007) ("The clause containing the one-year bar is part of the paragraph specifically addressing the time limits for cases that are not initially removable …."). Given that the original state court complaint—filed on September 26, 2012—*was* initially removable on the basis of diversity jurisdiction,[7] the one-year bar under Section 1446(c) does not apply. Keselica's notice of removal is therefore timely.

*        *        *

For the reasons set forth above, the plaintiffs' Joint Motion to Remand [18] is denied. A status hearing is set for April 17, 2014, at 9:00 a.m.

Entered: April 4, 2014

John J. Tharp, Jr.
United States District Judge

---

[7] The original state court complaint alleged that the sole plaintiff, Ledman Health Care, was an Illinois corporation with its "principal address" in Geneva, Illinois and that the original sole defendant, US Medical Home, was a Delaware corporation with its "principal address" in Providence, Rhode Island. Complaint (Dkt. 18-1) ¶¶ 1, 2. US Medical's failure to remove the case originally, moreover, does not bar its ability to consent to the removal initiated by Keselica. *See* § 1446(b)(2)(C).